### A. J. DUNNING v. JESSE A. POWELL.

(Filed 29 September, 1920.)

**Contracts—Options—Sales—Commissions—Auction Sales—Consideration —Vendor and Purchaser.**

Plaintiff took an option on defendant's entire tract of land at a fixed minimum price, and agreed with real estate agents that they would divide it into lots to be sold at auction within the option period on commission to the selling agents, and thereafter contracted with the defendant that plaintiff was to have a certain sum in cash and a certain allowance on any lots he himself should purchase at the agreed sale. He bid in one of these lots, and the sale as to the others failed for lack of bidders. The plaintiff was not ready, able, and willing to comply with his bid: *Held,* plaintiff's compensation was conditioned by the terms of the contract, upon the success of the sale of all of the lots in the entire subdivided tract to be taken from the proceeds of sale and not in consideration of his release of his option within the stated period, and he cannot recover in his action.

APPEAL by plaintiff from *Devin, J.,* at April Term, 1920, of HERT-FORD.

This is an action to recover upon two contracts by which it is alleged that the defendant agreed that upon the sale of his land at auction,

plaintiff was to receive $2,000 in cash, and a credit of $4,000 on any tract of land which the plaintiff might buy at that sale.

The jury found, upon the issues submitted, against the plaintiff that the land was not sold at auction prior to 15 December, 1915, and that the plaintiff was not ready, able, and willing to comply with the terms of the sale.

Thereupon the judge directed a nonsuit, and the plaintiff appealed.

*Winston & Matthews and Gillam & Davenport for plaintiffs.*
*T. T. Hicks and Stanley C. Winborne for appellees.*

CLARK, C. J.  On 26 October, 1918, the defendant gave a 30 days option to the plaintiff on his farm in Hertford County, supposed to contain 750 acres at the price of $26,000, of which $10,000 was to be paid in cash, and the balance on time.  On 18 November, 1918, the plaintiff made a contract with Allen Brothers and Fort to cut the farm up into lots and sell the same at auction, on a commission of 10 per cent. Thereupon the plaintiff and the defendant made this other contract reciting that the defendant had given to the said plaintiff an option at the price of $26,000 on the Powell farm, "Now the said Dunning agrees that he will take $2,000 cash on the day this is sold at auction, which shall not be later than 15 December, 1918, and a credit of $4,000 to be used on any tract of land which said Dunning may buy at this sale, and in consideration of this money and credit, said Dunning is to release his rights under said option, but the said option is to be extended until the day of the sale, and the option will remain in force until that day, but will in no way interfere with the sale."

The land was laid off into five lots, and on 3 December was put up at public auction, and the home tract of 85 acres was knocked off to the plaintiff at the sum of $13,252.50.   The other portions of the land could not be, and were not sold.   The plaintiff seeks to recover $2,000 in cash, alleging that this was paid for a release of the option, and that he was ready, able, and willing to comply with the terms of sale of the home tract on that day, and that $4,000 should be credited on his bid, and asks specific performance.

The defendant admitted the execution of said contracts, but alleges that when the second contract was made there was a further agreement that the $2,000 in cash and $4,000 credit were conditioned upon the land being sold at a minimum price of $35,000, and the jury have found that the contemplated sale was not made, but fell through, and further that the plaintiff was not ready, able, and willing, at the sale, to complete his purchase of the only lot sold, and which was knocked off to the plaintiff.

The court instructed the jury "that the contract contemplated the sale of the entire tract of land, all of it; and, therefore, the agreement by Dunning to take $2,000 in cash and $4,000 credit the day the land was sold at auction would mean that his rights under this contract would accrue only in case the land was sold, all of it."

The court is of the opinion that the construction placed by his Honor upon the contract is correct. The whole transaction was based upon the sale of the entire tract, which has not been made. The defendant did not agree to pay the plaintiff $2,000, but the plaintiff agreed that he would take $2,000 out of the proceeds of the sale, and he was to have a credit of $4,000 on any tract of land he should buy. The consideration to the defendant was the sale of the entire tract of land. That has not taken place, and the fund out of which the plaintiff agreed to receive $2,000 has not been created. The jury further find that the plaintiff was not ready, able, and willing to complete the purchase of the 85 acres at the sum bid by him. The transaction was, therefore, never completed which would have entitled the plaintiff to receive $2,000 cash and a credit of $4,000 on any land bought.

It is true that the plaintiff claimed that the $2,000 was to be paid for a release of the option, but the contract did not so express. The sale of the tract of land was the condition upon which the plaintiff was to receive $2,000 cash "on the day this land is sold at auction," and "a credit of $4,000" on any tract of land which the plaintiff might buy at the sale, and upon the consideration of such sale of the tract being made, the money and the credit were to be allowed the plaintiff, who was to release his option, which option was to be extended until the day of the sale.

The sale of the tract not having been made, the defendant has not received the consideration for which the plaintiff was to receive the $2,000 in cash, and the credit of the $4,000 in purchase of any part of the land. Upon the findings of the facts by the jury, and a just construction of the contract, the judgment of nonsuit must be

Affirmed.